IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEROY MITCHELL, | § | |
| | § | No. 609, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1405019087 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 8, 2016
Decided: June 15, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **ORDER**

This 15th day of June, 2016, it appears to the Court that:

(1) On April 23, 2014, the police stopped Leroy Mitchell as he drove through the intersection of Seventh and Jefferson Streets in Wilmington, because he was not wearing a seatbelt. The police smelled cannabis coming from the car, so they searched it. The police found cannabis in a clear plastic bag and a loaded nine millimeter handgun between the driver's seat and the center console. They later learned that the gun had been reported stolen. On November 3, 2015, Mitchell pled guilty to possession of a firearm by a person prohibited and carrying a concealed deadly weapon. The Superior Court determined that Mitchell had two

prior felony convictions[1] that triggered a mandatory ten year sentence under 11 *Del. C.* § 1448(e)(1)(c), and sentenced him to ten years at Level V incarceration followed by decreasing levels of supervision.

(2) The only issue in this appeal is whether the Superior Court erred when it determined that Mitchell's prior felony convictions qualified him for the enhanced penalties of § 1448(e)(1)(c). Under § 1448(e)(1)(c), the mandatory minimum sentence for prohibited persons convicted of possessing deadly weapons is (1) three years at Level V if the person was previously convicted of a "violent felony," (2) five years at Level V if the person was previously convicted of a "violent felony" within the past ten years, or (3) ten years at Level V if the person was previously convicted of two or more "violent felonies."

(3) Mitchell's criminal history puts him in the third category. Mitchell was arrested in 2005 and charged with various felony drug offenses. He pled guilty to trafficking in cocaine and possession with intent to deliver a controlled substance on July 13, 2006. The Superior Court sentenced Mitchell to the since-abolished "boot camp diversion program." In 2007, Mitchell was again arrested and charged with possession of drugs within 1000 feet of a school. He pled guilty, and the Superior Court sentenced him on October 24, 2007. At the same time, on

---

[1] App. to Opening Br. at 18 ("[T]he Court concludes that 10 years is the minimum mandatory sentence . . . because the defendant was sentenced for prior violent felonies on two separate occasions, first in the year 2006. The Boot Camp Diversion Order is a judgment of conviction . . . and the second conviction [was] in 2007.").

October 24, 2007, the court also sentenced Mitchell for a violation of probation stemming from his 2006 conviction for trafficking in cocaine and possession with intent to deliver a controlled substance. It is not disputed that these crimes qualify as "violent felonies" for purposes of § 1448(e)(1)(c).

(4) Mitchell argues that because he was sentenced on the same day for both the 2007 possession charge and the violation of probation arising out of his 2006 conviction for trafficking and possession with intent to deliver, that they should count as one conviction for purposes of § 1448. Under the plain language of § 1448(e)(1)(c), the minimum mandatory sentence for possession of a firearm by a person prohibited is ten years "if the person has been convicted on 2 or more separate occasions of any violent felony." A conviction is "a verdict of guilty by the trier of fact, whether judge or jury, or a plea of guilty or nolo contendre accepted by the court."[2]

(5) Mitchell pled guilty and was convicted of trafficking in cocaine and possession with intent to deliver a controlled substance on July 13, 2006. Mitchell again pled guilty and was convicted of possession of drugs within 1000 feet of a school on October 24, 2007. Even though Mitchell was *sentenced* for a violation of probation arising out of the 2006 conviction on the same day as his 2007 conviction, the *conviction* for the first offense occurred in 2006 and therefore on a

---

[2] 11 *Del. C.* § 222(3).

"separate occasion." As Mitchell came within the unambiguous terms of the statutory language, the Superior Court did not err when it found that he was subject to the ten year mandatory minimum of § 1448(e)(1)(c).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice